UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARCOSH, LTD.

CIVIL ACTION

VERSUS

NO. 06-616-JJB

WALTER C. DUMAS, ET AL.

## **RULING ON MOTION FOR NEW TRIAL**

This matter is before the court on a motion by Regions Bank ("Regions") for new trial under Fed. Rule Civ. P. 59.   Barcosh, Ltd. ("Barcosh") has filed an opposition.  There is no need for oral argument.

Regions and Barcosh each claim to have the first-ranking security interest in funds held in the registry of the court.  The funds consist of various legal fees earned by Walter Dumas and his law firm in other court proceedings.  The court granted summary judgment on March 9, 2010 (doc. 238) finding that Barcosh's security interest primed that of Regions.  Barcosh then moved for entry of final judgment under Rule 54(b), which the court granted on May 20, 2010.  Regions timely filed its motion for new trial, which is presently before the court.

In ranking the security interests at issue, the court applied the following legal rules: (i) a financial statement ("FS") must be filed to perfect a security interest;[1] (ii) conflicting security interests are ranked according to the time of filing or perfection;[2]

---

[1]  La. R.S. 10: 9-310(a).

[2]  La. R.S. 10: 9-322(a).

and, when assignment of a perfected security interest occurs, the perfected status continues without the requirement of any additional filings.[3]

As to Barcosh's claim, the court found the following facts to be undisputed: (i) Core Funding filed a FS on November 10, 2003 (after having loaned money to Dumas covered by a security agreement); and (ii) Core Funding assigned its security interest to Barcosh.

As to Regions claim, the court essentially found the following to be undisputed: (i) Union Planters Bank filed a FS on January 27, 2003; (ii) Regions made a $1.6 million loan to Dumas on April 22, 2005; (iii) Union Planters merged with Regions on June 29, 2005; (iv) there was no outstanding loan between Union Planters and Dumas at the time of the bank merger; and (v) Regions never made a FS filing in connection with any loan to Dumas or his law firm.

Based upon the foregoing, the court concluded that Barcosh was entitled to a ranking date of November 10, 2003, by virtue of the loan assignment and Core Funding's FS filing.[4]   The court rejected Region's contention that its gained the benefit of Unions Planter's FS filing.  The court reasoned that Union Planter's FS filing did not transfer because there was no indebtedness to maintain a security interest at the time of the merger.

---

[3]  La. R.S. 10: 9-310(c).

[4] In its motion for new trial, Regions belatedly argues that these facts were not properly established by Barcosh.  The court finds this argument does not support a new trial.

In support of its motion for new trial, Regions makes a new factual argument–
that there was an outstanding Union Planter's loan that was transferred to Regions
in April of 2005 two months prior to the merger, i.e., that the April 2005 loan was not
a "new loan" by Regions but actually a renewal of a September 2004 Union Planter's
loan.  This presents a factual claim that Regions failed to make previously, or at best
one that was quite obscure.

Nevertheless, the court has gone back and reviewed the evidence that
Regions cites as being sufficient to create a genuine issue of material fact on this
point.  Regions relies on a 1.6 million dollar promissory note executed by Walter
Dumas on behalf of Dumas and Associates Law Corporation, with a loan date of 12-
21-2005.  Doc. 211-31 (Exh. 28).  While this note is executed six months after the
merger, it states that it is a "[r]enewal or refinance of the promissory note **to us**
dated 9-22-2004." Exh. 28, page 2 (Emphasis added).  Despite the fact that the
lender is clearly identified as "Regions Bank" and there is no mention of Union
Planters anywhere in the document,  Regions contends that reference "to us" should
be read as meaning "to Union Planters" or "to Regions as successor by merger with
Union Planters."[5]  This argument is contrary to the plain terms of the loan documents
and insufficient to create a genuine issue of material fact.

Regions additionally claims that its Commercial Loan Activity Journal

[5]Regions cites other Regions Bank loan documents (doc. 211-42 pp. 9, 35, 36
and 37; doc. 211-35) which have identical references to the renewal of a note "to us
dated September 22, 2004."

evidences the acquisition/transfer of a 9-22-2004 loan (from Union Planters) to Regions.   Again, the court fails to find any reference to a loan transfer from Union Planters to Regions.   Doc. 211-58 (doc. 55).   In short, Regions fails to point to any genuine evidence to show that Dumas had an outstanding loan with Union Planters at the time of the bank merger or that Union Planters assigned a 9-22-2004 loan to Regions, which was later extended by Regions.  The court adopts the arguments of Barcosh on this issue and finds that Regions has failed to show any factual error to support its motion for new trial.

Additionally, Regions asserts its prior legal argument, i.e., that the Union Planters FS filing constituted a right transferable by virtue of the merger, regardless of whether there was any outstanding loan obligation at the time of the merger. Once again, Regions fails to cite any clear legal authority to support this contention. The motion for new trial essentially presents a rehash of the arguments previously considered and it will be denied for that reason.

Accordingly, the motion (doc. 253) by Regions for new trial is hereby DENIED.

Baton Rouge, Louisiana, August 11, 2010.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA